147 So.2d 820

**Wilburn BARRETT**

v.

**Alabama Barrett BEAN et al.**

**6 Div. 586.**

Supreme Court of Alabama.

Nov. 29, 1962.

Herbert Ezzell, Birmingham, for appellant.

Richard L. Jones and Gillespy, Dominick, Fletcher & Taylor, Birmingham, for appellees.

PER CURIAM.

Appellant, by a bill in the nature of a bill of review, filed in the Jefferson Circuit Court, In Equity, sought to vacate and set aside a final decree, dated April 30, 1953, rendered in the Jefferson Circuit Court, In Equity, which was responsive to a bill of complaint filed by his former wife, Alabama Barrett Bean, appellee here, against appellant, to declare a resulting trust in some real property located in Jefferson County; to divest title out of the respondent, appellant here, and invest the same in her; and also to quiet title to said property.

Service on appellant in that suit filed by his former wife was obtained by publication, affidavit having been made by her solicitor of record that the residence and post office address of the respondent, Wilburn Barrett, was unknown to complainant and could not be ascertained after reasonable effort, and further that in his belief respondent was over the age of 21 years.

Decree pro confesso was taken against respondent after the time for demurring or answering had expired; and thereafter, on April 30, 1953, a final decree was rendered by the trial court granting relief in consonance with the allegations and prayer therefor.

Appellant now seeks to review the judgment of the trial court denying him relief on his bill of complaint, filed October 1, 1959. The bill charges actual and intrinsic fraud in the procurement of service. He alleges also that the complainant either knew his address when she filed the suit or could have ascertained the same after reasonable effort; hence, the affidavit of the solicitor of record was untrue within the knowledge of the then complainant.

Respondents, appellees here, denied the allegations of actual and intrinsic fraud, and they charged the complainant with laches in filing his bill to vacate the final decree rendered against him.

The issues of fraud and laches were the subject of conflicting evidence, which the trial court heard orally. He determined these issues against appellant.

We have reviewed the evidence and find that it was sufficient to support the decree denying relief to appellant and dismissing his bill because of laches in seeking relief, and also because the issue of fraud was not adequately supported by proof.

Where witnesses testified orally, as here, before the trial court in an equity case, this court will presume that the findings of the trial court are correct. Withers v. Burton, 268 Ala. 365, 106 So.2d 876.

This cause is due to be and is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL, and COLEMAN, JJ., concur.