252 So.2d 330

Phyllis L. JOHNSTON

v.

Robert Neil JOHNSTON.

3 Div. 35.

Court of Civil Appeals of Alabama.

Sept. 8, 1971.

**214**

Gatewood A. Walden, Montgomery, for appellant.

Rushton, Stakely, Johnston & Garrett and N. T. Braswell, III, Montgomery, for appellee.

THAGARD, Presiding Judge.

This is an appeal by the wife-complainant from a final decree of the Circuit Court of Montgomery County, Alabama, dated September 2, 1970, denying relief by way of divorce to appellant because of a finding by the court that during the marriage she had been guilty of adultery and denying relief to respondent-cross complainant because of statutory cruelty; and from a decree dated October 21, 1970, denying separate motions for rehearing filed by both parties.

The cause was submitted to us on the merits and on the motion of appellee to affirm the decree of the trial court because of the failure of appellant to comply with Supreme Court Rule 1 by disclosing after each assignment of error the number of the page of the transcript on which the ruling of the court complained of is to be found.

We must affirm, first, because of the failure of appellant to comply with Supreme Court Rule 1, as pointed out by appellee's motion to affirm (see Wiggins et al. v. Stapleton Baptist Church, 284 Ala. 174, 223 So.2d 519, and cases therein cited); and, second, on the merits, because the record discloses ample evidence to sustain the final decree of the trial court.

When the testimony is taken orally before the court, as here, the findings of the trial court are presumed correct and every presumption will be indulged in their favor. Barrett v. Bean, 274 Ala. 222, 147 So.2d 820.

In her bill of complaint appellant, in addition to a divorce, sought a decree awarding to her the custody and control of the minor children of the parties. In his answer and cross bill, and also in his application for rehearing, appellee prayed that the decree allow him reasonable visitation rights to his minor children.

We think the trial judge, having taken jurisdiction, should have disposed of the questions of custody and visitation rights, but since appellant does not assign error as to that, and appellee did not cross-appeal, that question is not before us on this appeal. However, we are of the opinion that the decree of the trial court denying in its entirety the relief prayed for by each party, does not preclude either party from again seeking a custody or visitation decree at the hands of the Circuit Court of Montgomery County so long as the children are within the territorial jurisdiction of that court.

Affirmed.