302 So.2d 237

**Anton F. HILFER**

v.

**Grace H. HILFER.**

**Civ. 415.**

Court of Civil Appeals of Alabama.

Oct. 23, 1974.

A. Ted Bozeman, Montgomery, for appellant.

Poole & Poole, H. Edward McFerrin, Greenville, for appellee.

**WRIGHT, Presiding Judge.**

This is an appeal from a decree granting a divorce from bed and board.

Appellant—plaintiff below—filed suit for divorce on the ground of incompatibility. Defendant-appellee filed an answer admitting all the jurisdictional allegations of the complaint, including that of the existence of a condition of incompatibility between the parties. The answer further alleged various matters as to the financial affairs of the parties, the properties and income of each. It further stated that defendant was in ill health, requiring regular medical treatment which was available to her without cost as the wife of a retired military person. The answer concluded with a prayer that relief granted to plaintiff would be limited to a divorce from bed and board so that defendant might remain his wife and thus continue to receive medical care at a military facility. In the alternative, if an absolute divorce was granted, an order was requested to be entered requiring plaintiff to pay necessary medical expenses incurred by defendant. Further relief, including vesting of title in her of the home and payment of alimony was requested by defendant. Plaintiff filed answer to what he categorizes as defendant's answer and cross-claim, admitting some of the allegations therein; denying and demanding proof of others.

Decree, with findings of fact, was entered, denying relief to plaintiff and granting to defendant on her cross-claim a divorce from bed and board on the ground of incompatibility of temperament and an irretrievable breakdown of the marriage. The decree granted alimony of $50.00 per month during the lifetime of defendant; granted an automobile and the home to defendant, requiring plaintiff to execute a bill of sale to the automobile and a deed to his interest in the home. It further ordered plaintiff to pay an attorney fee of $250.00 to defendant's counsel together with costs of court.

On appeal plaintiff presents two charges of error. The first is that the court erred in denying him a decree of divorce.

Plaintiff's argument on the first assigned error is that as the court found from the evidence there existed a condition of such incompatibility of temperament that the parties could no longer live together, it had no authority to deny plaintiff an absolute divorce as requested.

Under the pleadings or the theory upon which this case was tried, we cannot agree that plaintiff's argument is correct. It is evident that counsel for plaintiff and defendant, together with the court considered that there was a petition by plaintiff for a divorce a vinculo matrimonii and an answer with cross-petition by defendant for a divorce a mensa et thoro. Such were the issues upon which the matter was tried by the parties and upon which the court rendered its decree.

It is the law that regardless of the state of the written pleadings, the parties may, by agreeemnt or without objec-

tion, try the case on any theory they choose. Upon review, the appellate court will consider the case only upon the theory presented in the trial court. City of Dothan v. Gulledge, 276 Ala. 433, 163 So.2d 217.

The original claim of plaintiff was for divorce on the ground of incompatibility of temperament. The answer of defendant admitted jurisdiction of the court over the parties and the action. Her answer admitted the allegations of incompatibility but further said that for reasons peculiar to her medical situation relief for plaintiff should be limited to a divorce from bed and board. Her answer further requested alimony and settlement of property rights. There does not appear any request that a decree of divorce, either a mensa or a vinculo be granted her but rather that the relief requested by plaintiff be limited. However, plaintiff's responsive pleading was entitled "Answer to Cross-Claim." The record indicates that as the hearing began, defendant first presented evidence in support of a cross-claim because of her admissions to plaintiff's complaint. The trial proceeded as if plaintiff's grounds were established and it only remained for defendant to establish her cross-claim. Such procedure appears unusual to say the least, but such was the theory which was followed without objection. Decree was rendered in accordance with such theory.

■ Had the matter not proceeded on the theory that defendant was cross-claiming for a divorce from bed and board, the presenting of evidence sufficient to establish incompatibility of temperament would have required the granting of a decree as requested by plaintiff. However, the consideration of a cross-claim for a divorce from bed and board, though upon the same evidence, presents the matter in a different aspect.

Upon hearing and submission, the trial court was presented with two requests for relief. Assuming the evidence to have established the statutory ground for divorce of incompatibility, the court could have dissolved the marriage as requested by plaintiff. The granting of a divorce upon such ground is not dependent upon fault of one party or the other in creating the condition of complete incompatibility. Neither is the dissolution granted in favor of one party and denied to the other. Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71, Lipham v. Lipham, 50 Ala.App. 583, 281 So.2d 437. The presence of the second request by defendant for only a divorce from bed and board, though submitted upon the same ground and proof, presented the court with an exercise of discretion. The authority to exercise such discretion is presented by Title 34, Sec. 36, Code of Alabama, 1940, which states:

"The judge may decree a divorce from bed and board for cruelty in either of the parties, or for any cause which would justify a decree from the bonds of matrimony, if the party applying therefor desires only a divorce from bed and board."

■ The history and effect of the above statute is discussed in the case of McLendon v. McLendon, 277 Ala. 323, 169 So.2d 767. It was also pointed out by the majority in that decision that though grounds for an absolute divorce is established, the court, because of the statute, has the discretion, if so requested, to limit the divorce to one from bed and board. We do not perceive that the establishment of "no fault" divorce limits such discretion. We note that in the case of Davis v. Davis, 281 Ala. 59, 198 So.2d 787, the Supreme Court found the trial court in error after it granted an absolute divorce to a wife who had established grounds for a divorce, but had requested only a divorce from bed and board.

As pointed out in *McLendon, supra.,* the social desirability of such statutory discretion, though arguably unsatisfactory, is not for the court, but is a legislative matter. In any event, the lifetime of a decree of divorce from bed and board may be limited to a term of two years by seeking relief

under Title 34, Sec. 224(1) of the Code as last amended.

In his second assignment, plaintiff says the trial court erred in granting defendant a divorce from bed and board because no statutory grounds were alleged in her cross claim. This second assignment has to some degree been answered by our above discussion of the departure of the parties during trial from the specific issues presented by the pleadings.

In argument appellant submits that as appellee failed to plead jurisdictional facts in her cross-claim, the court had no jurisdiction to grant her relief and its decree is void.

Without deciding whether the argument of appellant was valid under our old equity pleading, we find it to be without merit under our present rules of civil procedure and practice.

 By her answer, defendant admitted the jurisdiction of the court and submitted herself to it. Her admissions included that of the existence of a statutory ground for divorce. It would have served no particular purpose for defendant to have restated in her answer and cross-claim the existence of incompatibility already stated by plaintiff. Because of the no-fault principle of the ground of incompatibility, it does not matter which party charges it as a ground and establishes it by proof. If the condition is proven to exist, it appears that either party may request the appropriate relief desired. The court may exercise its discretion, if supported by the evidence, in rendering a decree.

Appellant filed his answer to the cross-claim of appellee. There were no defenses or motions filed thereto as provided by Rule 12, Rules of Civil Procedure. Defendant's answer was treated by all parties as a cross-claim and trial proceeded thereon. There was evidence presented which the trial court found sufficient to establish incompatibility of temperament. We find no abuse of the trial court's discretion in refusing appellant a divorce and granting to appellee a divorce from bed and board. We affirm the decree of the trial court.

Appellee's request for attorney's fee on appeal is granted in the sum of $150.00.

Affirmed.

BRADLEY and HOLMES, JJ., concur.