310 So.2d 220

Hazel Earl DeGraw THOMPSON

v.

Charles Henry THOMPSON.

Civ. 461.

Court of Civil Appeals of Alabama.

March 19, 1975.

Bradshaw & Barnett and Ralph M. Young, Florence, for appellant.

Tompkins & Tompkins, Tuscumbia, for appellee.

HOLMES, Judge.

This is a divorce case.

The issues are whether the trial court erred in its award of alimony; erred in failing to award custody of the minor child to either party and provide support thereof; erred in refusing to grant appellant-wife's motion to take additional testimony after the conclusion of the case; and, finally whether the trial court erred in

awarding to counsel for appellant only a $250 attorney fee.

The facts as elicited from the record reveal the following:

The parties were married February 2, 1946, and had been married over twenty-seven years when the appellant-wife filed for the divorce on July 10, 1973.

The grounds for divorce alleged by appellant in her petition were incompatibility of temperament and adultery. In her petition she also sought custody of the minor child and support for the child.

Appellant-wife was nineteen years of age when she married appellee. During her marriage, appellant's responsibility was as a housewife and raising the four children. One of the children is still a minor and resides with appellant. During the period of her married life appellant only worked once—for a short time at appellee's store, while appellee ran for political office. She has no training which would qualify her for any type of skilled work.

Since October 31, 1973, appellant has worked at a shirt factory in Mississippi. Her salary is $2 an hour. Her take-home pay is approximately $60 a week. However, after paying for her ride to and from work and lunches, appellant testified she actually only realized about $50 a week. The minor child has resided with the appellant-mother since the filing of the petition.

Appellee-husband is a businessman and owns and operates several businesses in the community. Testimony as revealed by the record appears to indicate that the value of appellee's businesses, investments and stock are in excess of $200,000. However, appellee is also indebted in the amount of $92,000.

Additionally, appellee testified that in several of his businesses he is in partnership with his father. One of the partnership businesses is a grocery store, with a value of $150,000, constituting by far the largest amount of appellee's assets. Appellee's father is seventy-four years old and appears to have retired in the mid-1960's. Despite appellee's claims that he and his father are in partnership, it appears that at no time has he paid his father any of the profits and it further appears that appellee has reported all the income on his own tax returns.

After a hearing *ore tenus*, the trial court entered a decree granting the divorce on the ground of incompatibility of temperament. The judge awarded to the appellant the homeplace of the parties and the forty acres upon which the house is situated "as alimony in gross and in lieu of any and all other payment of alimony and property settlement." The appellant received this property subject to the mortgage thereon. The decree awarded attorney for appellant $250 in attorney fees. The decree did not award custody of the child to either party.

I

As seen from the above, the trial court awarded appellant the homeplace and the surrounding forty acres. The value of the home was approximately $24,000–$30,000, depending upon how the evidence is viewed. The surrounding land has a value of from $8,000 to $20,000, again depending upon the view of the evidence. The mortgage appears to be in excess of $8,000, which, by the trial court's decree, is the responsibility of the appellant. The mortgage payments are $69.39 a month.

While the trial court labeled the award to the wife as alimony in gross, it appears to this court to be more properly described as a division of property. We particularly note that the property appears from the record to be jointly held and, in any event, most assuredly was obtained through the joint efforts of both during twenty-eight years of marriage. In any event, we need not make such a determination as to the specific character of the award. See Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159.

The evidence reveals that the appellee-husband will be possessed of a grocery store, a service station, a car wash, a cafe, a trailer and lot, two rental property houses, and other various assets of an approximate value in excess of $200,000. There is no doubt that appellee has indebtedness of approximately $92,000. But in light of the fact there is no evidence to suggest that appellee is not able to work, while appellant has no training, we think the learned trial judge erred, in this instance, in not awarding some periodic alimony.

In Chancellor v. Chancellor, 52 Ala. App. 10, 12, 288 So.2d 794, 796, this court made the following pertinent statement:

"To guide the trial court in its determination of whether to award alimony and, if so, how much, the Supreme Court has established certain criteria, which are: (1) the earning ability of the parties; (2) their future prospects; (3) their age, sex, health, and station in life; (4) the duration of the marriage; and (5) the conduct of the parties as relates to the cause of divorce. Davis v. Davis, 274 Ala. 277, 147 So.2d 828."

Applying these criteria to the case at hand, we make the following observations:

The parties were married for twenty-eight years. Appellee is a businessman who continues to own several businesses and investments, including a grocery store, service station, and rental properties. Appellant is a near fifty year old female who, for all practical purposes, never worked until after filing for divorce. She is not trained for any special type employment. She works in a shirt factory for $2 an hour. She is responsible for a $69 a month mortgage and for the well-being and primary upkeep of the minor child, who lives with her.

Appellee, in brief, alludes that in the future if appellant is in need she may petition the court for relief. However, this is not the law in Alabama. As this court

held in Welch v. Welch, 49 Ala.App. 647, 651, 275 So.2d 162, 166:

"Alimony in gross, as defined in Smith v. Rogers, *supra* [215 Ala. 581, 112 So. 190], is intended as a final termination of the rights of the wife resulting from the marriage not only as to her inchoate rights in her husband's estate, but also to any future support from him; whereas periodic alimony for the indefinite future envisions installment payments to the former wife, out of the former husband's current earnings, if necessary, for her future maintenance. Epps v. Epps, 218 Ala. 667, 120 So. 150. Alimony in gross is vested and cannot be modified, but periodic alimony is not vested and can be modified."

We therefore find the trial court erred in failing to award some appropriate amount of periodic alimony.

II

In this instance, where the appellant-wife in her original petition prayed for custody of the minor child and support thereof, where such support was awarded *pendente lite*, where the mother is fit and the father makes no claim to custody or objection to the wife having custody, and where the child is now residing with the mother, the trial court erred in not awarding custody to the mother and providing child support. See Johnston v. Johnston, 47 Ala.App. 213, 252 So.2d 330.

We note that appellee, in brief, states he has no objection to custody provisions being included in the decree.

Additionally, the learned trial judge, upon remand of this matter, should award an appropriate amount of child support to the mother for the use and benefit of the child, to be provided by the appellee-husband. The primary duty of support of minor children falls upon the father. This applies both during the marriage or upon

dissolution by court decree. Brock v. Brock, 281 Ala. 525, 205 So.2d 903; Boswell v. Boswell, 280 Ala. 53, 189 So.2d 854.

### III

 Appellant-wife, some four days after the completion of the trial, filed a motion with the trial court, styled "Motion For Taking of Additional Testimony." The basis of this motion was to allow one of appellant's witnesses, who did not testify at the trial, to testify. One of the grounds for divorce alleged by appellant was adultery. Appellee denied this under oath. The witness appellant now wanted to present after the close of the evidence signed an affidavit, attached to appellant's motion, in which she claimed she and appellee had indeed engaged in sexual intercourse. The reason for the failure of this witness to appear, as set out in the affidavit, was caused by a threat on her life received by her if she testified.

The trial court's discretion in granting or refusing to grant a motion to have submission of a case for final decree set aside for purpose of reopening the cause for further testimony is not reviewable except for abuse. Ex parte State ex rel. Brittain, 237 Ala. 164, 186 So. 148.

We find no abuse in this instance. Appellant could have assured the presence of this witness at the trial by subpoena or other appropriate process. Additionally, we note that despite the absence of this testimony the divorce was in fact granted, albeit on a different ground.

### IV

 Appellant's final assignment of error is that the trial court erred to reversal in awarding an attorney's fee of $250 to counsel for appellant. Put another way, the amount of the award is so inadequate as to constitute an abuse of discretion by the trial court. We cannot agree. Fixing the amount of the wife's attorney's fee in a divorce case is within the sound discre-

tion of the trial judge. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308. We find no abuse of such discretion in this instance.

Summarizing: The decree is affirmed in its granting of the divorce; in its award of the homeplace and forty acres to the wife. The decree is reversed and remanded for failure to provide for custody; failure to provide for support for the minor child; and failure to provide for periodic alimony.

Affirmed in part; reversed in part; and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.