The wife appeals from the alimony and property division provisions of a divorce decree.
The parties were married in 1969. They have three sons, ages eight months, six years and eight years.
The husband is thirty years old and is employed by Southern Company Services as Supervisor of Internal Auditing, Nuclear Projects Department. His gross income in 1975 was $17,000 and in 1976 was $20,300. His monthly gross income in September 1977 was $1,921.
The wife has an elementary education degree from UAB but at the time of trial had been unable to find a full-time job. She had obtained a part-time job earning $300 per month. *Page 1018 
The parties purchased a home about four years ago now valued at around $54,000. Monthly mortgage payments are $295 and about $33,000 is still owed. They owned household furnishings and two cars.
The parties were having marital difficulties four months prior to the July 1977 separation and had been seeing a marriage counselor. They had previously been separated twice. The husband admitted to one adulterous encounter since separation.
On July 29, 1977 the wife filed a complaint for divorce from bed and board seeking separate maintenance and custody. The husband counterclaimed for an absolute divorce alleging incompatibility. After oral hearing the court granted absolute divorce, awarding the wife custody of the children. Child support of $600 per month was awarded. It was ordered that the residence be sold and the proceeds divided equally between the parties. The wife was awarded the household furnishings, except for certain enumerated items. The decree provided: "The Defendant is required as a payment of alimony to pay all debts and obligations of the parties, specifically to include the amount due on the 1974 Volvo automobile" which was awarded to the wife. Also, "as alimony," attorney fees of $1,000 were awarded.
The first issue presented by the wife on this appeal is whether the court erred in granting an absolute divorce in response to the husband's countersuit instead of the divorce from bed and board which she requested.
Section 30-2-30, Code of Alabama (1975) provides that a divorce from bed and board may be granted for any cause which would justify a divorce if the party applying desires only such relief. Though the wife initiated the proceedings in this case and requested only a divorce from bed and board, the husband requested an absolute divorce. Either request required proof of grounds for divorce. Having before it both requests and proof of incompatibility, the court was empowered to grant the absolute divorce. McLendon v. McLendon, 277 Ala. 323,169 So.2d 767 (1964); Hilfer v. Hilfer, 53 Ala. App. 549, 302 So.2d 237
(1974).[1]
Plaintiff places in issue the correctness of attorney fees and payment of existing debts of the parties, including the amount due on the automobile given plaintiff, being characterized by the court as alimony. As a corollary issue, plaintiff says that the court erred in failing to order payment of periodic alimony.
We agree that the court has incorrectly stated that the awarding of $1,000 attorney fees to plaintiff is alimony. Alimony is provided for the sustenance of the wife. It stems from the marriage relationship and the common-law right of the wife to support by her husband. Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808 (1968). The payment of the debts of the marriage was already the legal obligation of the husband, including payment for the automobile given the wife. The latter action should be classified as a division of property. We find no precedent for calling an order for payment of the wife's attorney fees alimony, though the allowance of attorney fees to the wife is based upon the same principle as alimony. The statute providing alimony does not provide for the award of attorney fees, but the courts have held that the statutory provision for allowance of maintenance to the wife carries with it the right to award attorney fees. Sims v. Sims, 253 Ala. 307,45 So.2d 25 (1950). An attorney fee may be awarded though alimony is denied. Torme v. Torme, *Page 1019 251 Ala. 521, 38 So.2d 497 (1949). Section 30-2-53, Code of Alabama (1975). The payment of debts of the parties benefits the husband as well as the wife. To the extent of such benefit to the husband, at least, designating such payment as alimony to the wife must be incorrect. The designation of payment of debts owed by the parties and the payment of attorney fees as alimony does not make it so. Such could not be said to be an award of periodic alimony which reserves to the court jurisdiction for future modification. It is our opinion that the judgment of the trial court awards to the wife no alimony and reserves no jurisdiction for any future award or modification. Thompson v. Thompson, 54 Ala. App. 498,310 So.2d 220 (1975). As a result, we find the trial court abused its discretion in failing to award to the wife periodic alimony in some amount or to reserve the right to make such award in the future.
The evidence is clear that the plaintiff has no income except for a part-time job with her church. Though she has a degree in education it has been often and widely published in this state that there is a large surplus of teachers. Job opportunities in that profession are scarce. The evidence is that she will realize possibly ten thousand dollars for the sale of the home. (So will the defendant.) That money represents a property settlement. The sale means that other housing must be found for her and the children. Defendant has stoutly argued that with all his obligations and the payment of $600 per month child support, he will be hard pressed. Perhaps so, but he can use his ten thousand dollars from the sale of the home to pay all the debts and he does not have to find a home for three small children and provide for their care while he works or looks for work as will the plaintiff. We find that the door to the court should remain open for assistance to the wife should the need for alimony exist in the future. To serve that end, we find the trial court erred in failing to reserve the right to award periodic alimony to the plaintiff. We remand the case and direct that the judgment be amended to provide for reservation of jurisdiction to make such award in the future.
The remaining issue is whether it was error to direct the sale of the home and equal division of the net proceeds between the parties. We do not find such to be error.
The division of property is a matter within the sound discretion of the trial court and will not be reversed on appeal except for palpable abuse. Stewart v. Stewart,341 So.2d 490 (Ala.Civ.App. 1977). In view of the large mortgage payments and the cost of maintenance of a large home, we believe the court correctly directed its sale as quickly as possible. We do not consider it was error to divide the net proceeds of the sale.
Attorney fees in the amount of $500 are awarded appellant on appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.
[1] There may be found statements and authority for the position that divorce from bed and board is highly undesirable and though authorized by statute, should not be granted where there appears no possibility of reconciliation. See dissenting opinion of Mr. Justice Simpson in McLendon v. McLendon, supra.
Certainly, there appears no foundation for a divorce from bed and board when the ground proved is irretrievable breakdown of the marriage as stated in Section 30-2-1 (9) of the Code of Alabama (1975). The legislature has provided that the term of such a decree may be ended and a divorce granted upon request of either party when such decree has been in effect for more than two years. Section 30-2-2, Code of Alabama (1975).