WRIGHT, Presiding Judge.
This is a divorce case: The husband appeals. We affirm.
The parties were married for about five years. One child was born of the marriage and the husband adopted a child of the wife by a previous marriage.
The wife is thirty-one years of age. She is a college graduate and is employed as an instructor at a state technical school. She earns about $15,000 annually.
The husband is blind in one eye and has undergone four operations on his back in recent years. He was determined to be totally disabled for Social Security purposes in 1978. He is of limited employment skills and has earned no substantial income for more than three years. His parents have made substantial contributions to the family during that time. Social Security in the amount of $374 per month is being received by the husband. He has lived with his parents since separation from his wife. The children receive $100 each per month from the father’s Social Security.
The parties owned a home with a substantial mortgage, an automobile with mortgage and household furniture. The parents of the husband had provided $2,100 of the down payment for the home. There are substantial debts. The husband was an insured under the wife’s Blue Cross Group Insurance plan. A divorce would remove him from benefits. However, he had the right to convert to other but lesser coverage under individual coverage but at his own expense.
After oral hearing the court granted a divorce, gave custody of the children to the mother, gave her the home and automobile but required her to make both mortgage payments and to pay other indebtedness including repaying the husband’s parents $2,100. No alimony or attorney’s fee was granted to the husband as he requested, though further consideration of alimony was specifically reserved to the court. The costs were assessed one-half to each party.
I
Husband first contends error in the granting of the wife’s petition for divorce rather than his request for separate maintenance. It is the argument of the husband that a divorce removed his right to the greater insurance benefits of the wife’s group plan at a time when he may need further surgery and medical assistance.
We have answered husband’s contention previously in Haynes v. Haynes, 360 So.2d 1016 (Ala.Civ.App.1978) and Hilfer v. Hilfer, 53 Ala.App. 549, 302 So.2d 237 (1974). The ground of incompatibility was established by the evidence in this case. The court did not err in granting a divorce.
II
Husband next avers error in refusal of the court to permit additional testimony to be taken at the hearing upon the motion for new trial. We find no error in the court’s action. Rule 59(a) ARCP provides the court may open the judgment, take additional testimony and enter a new judgment. Such action is clearly discretionary. The effort in this case was to introduce supportive evidence of matter previously heard in the original trial. Such evidence was not newly discovered and was merely corroborative. We perceive no error. Wright & Miller, Federal Practice and Procedure, Civ. § 2804.
III
Husband contends error for permitting testimony by the wife of her character and reputation for truth and veracity. We find no material prejudice in the court’s action in any event. Though her reputation may not have been specifically in issue when her request for custody of the chil *638 dren was not contested, the court could consider her character and reputation in reaching the primary determination of her fitness for custody. As parens patriae of any child whose custody is before it, the court cannot be placed in error by hearing any evidence touching fitness of a prospective custodian.
In any event, the court at the conclusion asked if counsel wished that testimony excluded from the record, counsel made no such request but stated “leave it as it is.” In such circumstances, he may not now charge error. We also apply Rule 45, ARAP.
IV
We find no error in awarding of the home, subject to payment of the mortgage, to the wife as a home for her and her children. Such award was within the discretionary power of the trial court. Eubanks v. Eubanks, 52 Ala.App. 224, 291 So.2d 159 (1974).
V
The husband next contends abuse of discretion in the failure to award to him alimony and attorney fees. Though the right to receive a grant of alimony has now been by statute extended equally to needy husbands as well as needy wives, § 30-2-51, Code of Alabama (1975), such an award remains a matter within the reasonable judicial discretion of the trial court, depending upon the facts of the case. Plaskett v. Plaskett, 348 So.2d 784 (Ala.Civ.App.1977), cert. denied, 348 So.2d 789 (Ala.1977).
Our consideration of the evidence heard by the trial court does not convince us that a failure to award the husband alimony at this time is clearly and evidently wrong. It is true as argued that the income of the wife is over $15,000 annually and is augmented by monthly Social Security benefits for the two children in the amount of $100 each, while the total income of the husband is $374 per month. The evidence was not in conflict that the expenses of the wife are in excess of her net income. Such expenses include house and car payments of more than $300 per month, and monthly payments in debts, utilities, insurance, day care for the children, medical and drug bills, auto expenses, groceries, etc. It is equally true that the husband has debts, medical and drug expenses etc. However, he lives with his parents who have aided him in the past.
It may be that the husband will need assistance if further surgery is necessary or other misfortune occurs. It then may be that the wife will have better means with which to assist. It may be assumed that is the reason why the learned and compassionate trial judge held such further consideration open by his judgment. Under such circumstances we do not take the liberty of supplanting his judgment. We find no abuse of discretion. The judgment is in all things affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.