HOLMES, Judge.
This is a divorce case.
After an ore terms hearing, the trial court divorced the parties, made a division of property, required the husband to pay child support, and further required the husband to pay an attorney’s fee.
The husband, through able counsel, appeals contending the trial court erred in its division of property, in the award of child support, and in the award of an attorney’s fee. We find no error requiring reversal and affirm.
Viewing the record with the attendant presumptions accorded the trial court’s decree, the following is pertinently revealed. The parties were married for approximately twelve years. Two children, ages five and four, were born of the union. The wife is a school teacher and earns approximately $16,000 per year. The husband earns approximately $14,000 from his employment with the United States Government and over $9,500 per year from a second job with the State of Alabama. Put another way, the husband’s income is over $23,500 per year.
The major asset of the parties is their home. The value of the home is $75,000. There is a mortgage on the home of approximately $25,000.
The trial court awarded custody of the children to the wife and required the husband to pay $300 per month as child support. The wife was awarded the home and the responsibility of making the mortgage payments. However, if the home is sold, the husband is to receive $8,000 from the proceeds of such sale.
The husband was also required to pay an attorney’s fee of $750.
The determination of the amount of child support is a matter within the sound *1063 discretion of the trial court. Such an award will not be reversed on appeal in the absence of a manifest abuse of discretion. See Dismukes v. Dismukes, 376 So.2d 730 (Ala.Civ.App.1979). In view of the husband’s income and the ages and needs of the children, we cannot say the trial court’s action is a manifest abuse of discretion.
The husband indicates concern that his second job, with the State of Alabama, may not continue infinitum. Suffice it to say, future child support payments may be modified upon a finding of a material change in circumstances. Gorman v. Gorman, 392 So.2d 238 (Ala.Civ.App.1980).
A division of property by the trial court is also a matter within the sound discretion of the trial court. In this instance, keeping in mind that the wife has custody of the children and the husband’s “equity” upon a sale of the house, we find no abuse of discretion in the trial court’s action awarding the wife the home. See Rayford v. Rayford, 390 So.2d 636, (Ala.Civ.App.), cert. denied, 390 So.2d 638 (Ala.1980).
As indicated, the trial court required the husband to pay $750 attorney’s fee. This area of concern by the husband also falls within the trial court’s discretion. In Smythe v. Smythe, 376 So.2d 1101 (Ala.Civ.App.1979), a distinguished trial judge, now retired, ordered an attorney’s fee of $1,000 to be paid by the husband. This court, even though the husband’s income was less than the husband’s income in the present case, affirmed that award.
In view of the facts of the instant appeal, we cannot now say the $750 attorney’s fee requires reversal.
We would be remiss in not commenting that both parties have favored this court with excellent briefs for which we are grateful.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.