This is a divorce case.
The parties were married on October 1, 1966 in the Panama Canal Zone. No children were born of the union. At the time of the marriage the husband was a staff sergeant in the United States Air Force. The wife had worked as a secretary. Since then the husband has risen to the rank of master sergeant. The wife did not seek employment outside the home by mutual consent, and spent her time caring for the home and her husband.
Having not seen her family for eleven years, the wife visited them in Panama from November 28, 1983 until January 3, 1984. During her visit the wife wrote to her husband but received no reply. She called home on January 1, 1984 and the husband told her that he had fallen in love with another woman, admitted to adultery, and said he would explain the situation in a letter. There is no indication of previous marital discord. The wife called back the next day and said she would return home the following day.
Upon arriving home, the wife was shown a letter the husband had written, naming his secretary as his paramour and requesting a divorce. The wife did not want a divorce. Since then the husband and wife have cohabitated about half the time, according to the husband's testimony. The wife has continued to perform household duties, sometimes at the husband's request.
At the husband's insistent urging the wife filed for divorce. Her grounds were the husband's adultery and incompatibility of temperament. She later amended her complaint to request a divorce a mensa et thoro on the ground of adultery. The husband counterclaimed for a divorce a vinculo *Page 976 
matrimonii on the ground of incompatibility of temperament.
After an ore tenus hearing the trial court granted the wife a divorce a mensa et thoro. The husband appeals and says that the dispositive issue is the failure of the trial court to grant him an absolute divorce after he proved the parties were incompatible.
Since 1852 Alabama has allowed two kinds of divorces. Divorce a vinculo matrimonii, a divorce from the bonds of matrimony, is an absolute divorce which severs all legal bonds between the parties. § 30-2-1, Code 1975. See Fitts v. Fitts, 284 Ala. 109,222 So.2d 696 (1969). Divorce a mensa et thoro, a divorce from bed and board, is a legal separation allowing the marriage to continue as to everything not withdrawn by the decree. §30-2-30, Code 1975; McLendon v. McLendon, 277 Ala. 323,169 So.2d 767 (1964); Mullins v. Mullins, 416 So.2d 1063
(Ala.Civ.App. 1982).
Here, the wife filed for an absolute divorce and later amended to seek a limited divorce, i.e. a divorce a mensa et thoro. The husband counterclaimed for an absolute divorce. The trial court heard testimony ore tenus, and the evidence tended to prove the husband's adultery and the parties' incompatibility, the continued performance by the wife of household duties and at least some personal duties for the husband. It was also shown that the wife had been married to her husband for almost twenty years, the point at which she becomes eligible for numerous benefits relating to his armed services employment.
It is axiomatic that in divorce proceedings the parties submit themselves to the trial court's equity jurisdiction,Foster v. Foster, 365 So.2d 1227 (Ala.Civ.App. 1978), and that when the trial court hears the evidence ore tenus its decree is clothed with a presumption of correctness. Langford v.Langford, 441 So.2d 962 (Ala.Civ.App. 1983).
The husband argues, however, that since all of the requisite elements of an absolute divorce were proven the trial court was required to grant him an absolute divorce. In support of his argument husband relies on the cases of Kegley v. Kegley,355 So.2d 1121 (Ala.Civ.App. 1977), and Dyal v. Dyal, 54 Ala. App. 206, 307 So.2d 17 (Ala.Civ.App. 1975).
The issue, however, in these two cases was whether the evidence supported a finding by the trial court that the parties should not be granted an absolute divorce on the ground of incompatibility. We held that such a divorce should have been granted.
In the case at bar the question on appeal is not whether the evidence supported the divorce, but, rather, what type of divorce should have been granted, i.e. an absolute divorce or a limited divorce. First, we note that the grounds for a limited divorce are the same as for an absolute divorce. § 30-2-30, Code 1975. And, there is evidence in the instant record to support a divorce, whether it be absolute or limited.
Second, the cases hold that when a trial court has before it a request for a divorce from bed and board and a divorce from the bonds of matrimony, the court can exercise its discretion and determine which type of divorce is best for the parties under the facts of their case. McLendon, supra; Haynes v.Haynes, 360 So.2d 1016 (Ala.Civ.App. 1978); Hilfer v. Hilfer,53 Ala. App. 549, 302 So.2d 237 (Ala.Civ.App. 1974). In the instant case the trial court exercised its discretion and decided in favor of the wife by granting her a divorce from bed and board.
Husband says, however, that the situation in the case at bar is different from the ones in the cited cases. In the cited cases the wife asked for a limited divorce and the husband asked for an absolute divorce, whereas in the case at bar, the wife sought an absolute divorce and then amended her complaint to ask for a limited divorce. The husband counterclaimed for an absolute divorce. Husband says that the wife is seeking alternative relief which is not allowed. *Page 977 
Alternative pleading is now permissible in Alabama. Rule 8 (a), (e), Alabama Rules of Civil Procedure. And, since the adoption of the Alabama Rules of Civil Procedure, it is generally held that pleadings are to be construed so as to do substantial justice and are to be construed liberally in the pleader's favor. Calvin Reid Construction Co. v. Coleman,397 So.2d 145 (Ala.Civ.App. 1981). Substance has replaced form, and technical forms of pleading are no longer required. Brewer v.Bradley, 431 So.2d 544 (Ala.Civ.App. 1983).
Although the Rules of Civil Procedure permit alternative pleading, husband argues that wife can be awarded a divorce from bed and board only when she has limited her request to that type of divorce. He relies on section 30-2-30, Code 1975, which provides, in part, as follows:
 "The judge may grant a judgment of divorce from bed and board . . . for any cause which would justify a judgment of divorce from the bonds of matrimony if the party applying therefor desires only a divorce from bed and board."
Husband also contends that in McLendon, Haynes, and Hilfer the wife sought only a limited divorce, hence the relief granted in those cases was authorized by section 30-2-30, Code 1975.
We held in Hilfer that regardless of the state of the pleadings the parties may, by agreement or without objection, try the case on any theory they choose. The case will then be reviewed on that same theory. In the case at bar there is no objection to the amendment to the wife's complaint nor the subsequent theory on which wife apparently tried her case. Moreover, there is evidence in the record which could have led the trial court to believe that wife was actually seeking a limited divorce and the husband was seeking an absolute divorce. The trial court granted the wife a limited divorce, and there is evidence in the record to support such an award. In this posture of the case, we do not consider that the trial court committed reversible error in awarding the wife a divorce from bed and board.
The judgment of the trial court is affirmed.
Wife is awarded $350 as an attorney's fee.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.