HOLMES, Judge.
This is a divorce case.
After an ore tenus hearing, the trial court divorced the parties and effectuated a division of the marital property. Additionally, the court awarded the wife $400 per month alimony for a period of two years.
The wife pro se appeals and in the main contends that the trial court erred in its division of the marital property. We affirm.
In any event, the dispositive issue on appeal is whether the trial court abused its discretion in the awards to the wife.
It is well established that the division of marital property is within the sound discretion of the trial court, and its judgment will not be reversed absent a showing that it has abused that discretion. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986).
*6 Moreover, in a divorce case in which the evidence is presented to the trial court ore terms, the judgment will not be set aside by this court unless it is plainly and palpably wrong or unjust. Lucero, 485 So.2d 347.
This court pretermits a detailed summary of the evidence. Reciting facts would add little or nothing to the law represented by the vast number of cases on the same legal subject. However, we do note that the parties here were married to each other for a relatively short period of time. See Crippen v. Crippen, 485 So.2d 335 (Ala.Civ.App.1986). We also note that in addition to the property awarded to the wife, she is to receive $400 per month periodic alimony for a period of two years.
Further, from a review of the record both parties could be deemed at “fault” for the breakdown of the marriage. Thus, the element of fault need not have influenced the trial court’s division of property and award of alimony. Weatherly v. Weatherly, 469 So.2d 653 (Ala.Civ.App.1985).
In any event, suffice it to say that we have reviewed the evidence presented, and we find no plain and palpable abuse of discretion of the trial court.
We also find no merit in the wife’s contention that the trial court abused its discretion by failing to respond to her post-trial motions. Pursuant to Rule 59.1, Alabama Rules of Civil Procedure, such motions are deemed denied if not responded to within ninety days.
The above, as indicated, is dispositive, and any other issues raised are pretermit-ted.
The wife’s request for attorney fees is denied.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.