THIGPEN, Judge.
This case involves post-divorce proceedings.
The wife filed for divorce in February 1990, which was granted in May 1990. Incorporated into the divorce decree was a document submitted by the wife that purported to be an agreement of the parties. The husband filed a motion for relief from the judgment alleging, inter alia, that he did not agree with the terms of the agreement and had notified the wife’s attorney of such before the entry of the divorce decree. Following an ore tenus proceeding on the. motion, the trial court set aside the original divorce decree. Ultimately, after another ore tenus proceeding, a final divorce decree was entered in March 1991. The wife’s post-judgment motion and motion to amend that motion were denied by operation of law. Rule 59.1, A.R.Civ.P. Hence, this appeal.
The wife raises three issues on appeal: 1) whether the trial court abused its discretion in allowing the post-judgment motions to be denied by operation of law; 2) whether the trial court erred in setting aside the earlier divorce decree; and 3) whether the trial court abused its discretion in the property division pursuant to the divorce.
The record discloses that the wife’s first post-judgment motion sought reconsideration of that part of the divorce decree relating to the property division, particularly as it concerned tax consequences, and reconsideration of the purported agreement entered into by the parties prior to the May 1990 divorce decree that was set aside on the husband’s motion. A hearing was set for consideration of the wife’s motion, and the trial court received ore tenus evidence at that proceeding. Additionally, at that hearing, the wife’s attorney advised the trial court that the wife had discovered that she needed surgery, which could affect her income and future ability to earn. The attorney advised the trial court of an additional prepared, but not yet filed, post-judgment motion to amend the wife’s first post-judgment motion, which requested that the trial court reopen the case as it concerned those matters. The trial court instructed the attorney to file the motion to amend, and the record indicates that the motion was filed on the date of the hearing. The trial court did not rule on either motion and they were deemed denied by operation of law. Rule 59.1, A.R.Civ.P.
The wife argues that the trial court abused its discretion when it did not hold a hearing on her motion to amend and allowed it to be denied by operation of law. We disagree. The record is clear, and the wife does not deny, that a hearing was held on the wife’s first post-judgment motion. At that hearing, the trial court afforded the wife the opportunity to present evidence regarding the property division and the tax consequences. The trial court was also advised at that hearing of the wife’s medical problems and instructed the attorney to file the motion.
It is well-established that whether to grant or deny post-judgment motions is discretionary with the trial court, and the trial court’s decision on such will not be disturbed on appeal unless the action of the trial court constitutes plain and palpable error. Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38 (Ala.1990); Hill v. Cherry, 379 So.2d 590 (Ala.1980). Rule 59.1, A.R.Civ.P., provides that a post-judgment motion that is not ruled upon by the trial court within 90 days of filing is deemed denied. Failure to rule does not amount to an abuse of discretion. Wilson v. Wilson, 515 So.2d 5 (Ala.Civ.App.1987). It is also a discretionary function of the trial court to determine whether to allow amendments to the post-judgment motion. Barnes v. George, 569 So.2d 382 (Ala.1990); Alabama Farm Bureau Mutual Casualty Insurance Company v. Boswell, 430 So.2d 426 (Ala.1983); Slaton v. Slaton, 542 So.2d 1242 (Ala.Civ.App.1989). Whether to reopen a case to allow additional evidence is a determination that also rests within the discretion of the trial court. Green Tree, supra; Rayford v. Rayford, 390 So.2d 636 (Ala.Civ.App.1980). Further, when a motion is denied by operation of law, no hearing is required. Crosslin v. Crosslin, 494 So.2d 431 (Ala.Civ.App.1986).
*393 Our review of the entire record, including that evidence presented prior to the entry of the divorce decree, shows that the trial court considered evidence concerning the wife’s medical condition prior to the entry of the final divorce decree. On appeal, the wife has presented nothing to demonstrate that the trial court abused its discretion in refusing to allow additional evidence and in denying both of her post-judgment motions. We find no error here.
The wife next argues that the trial court erred in setting aside the May 1990, divorce decree. The record reveals that initially the husband was not represented by counsel and that he and the wife entered into a settlement agreement in December 1989, agreeing to delay its filing. Thereafter, the husband sought legal counsel and was advised to withdraw from the terms of the agreement. It is undisputed that the agreement was filed after the husband advised the wife’s attorney that he was not in agreement with the terms and wished to withdraw.
As noted previously, the trial court has the discretion to grant or deny a post-judgment motion. Green Tree, swpra; Hill, supra. It serves no purpose to further detail the specifics of the evidence presented in this case. The record clearly supports the trial court’s decision to hold a hearing and grant the husband’s motion to set the judgment aside. We find no abuse of discretion in this action, nor in the trial court expressly restoring the divorce action to the trial docket.
Finally, the wife argues that the trial court abused its discretion in its property division. This area of the law is well-established. A property division pursuant to divorce lies soundly within the discretion of the trial court, and absent abuse, we will not disturb the judgment, nor substitute our own. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987); Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985). There is no requirement that the property division be equal, but it must be equitable in light of the evidence, and what is equitable rests within the broad discretion of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). Further, even a division of property that favors one party over another is not in and of itself an abuse of discretion. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989). Additionally, when a trial court is presented evidence in a divorce proceeding ore tenus, its judgment will be presumed correct if supported by competent evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989); Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
We pretermit a lengthy discussion of the evidence presented and considered regarding the property division. After thoroughly reviewing the entire record with the attendant legal presumptions, we are not persuaded that the trial court abused its discretion in making this property division.
Based on the foregoing, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.