DONALDSON, Judge.
Robert Daniel Leverett (“the husband”) appeals from an order of the Dallas Circuit Court (“the trial court”) altering its judgment divorcing the husband and Debra Edmondson Leverett (“the wife”) and entering a judgment separation in response to the wife’s motion to alter, amend, or vacate the divorce judgment.
The husband and the wife were previously married and divorced. The couple remarried on May 7, 1993. The wife filed a complaint on June 16, 2011, seeking a divorce on the grounds of adultery, incompatibility, and an irretrievable breakdown of the marriage. See § 30-2-1, Ala.Code *963 1975. The husband answered and counterclaimed for a divorce on August 2, 2011, denying adultery as a ground for a divorce but seeking a divorce on the grounds of incompatibility and an irretrievable breakdown of the marriage. After engaging in discovery, the husband and the wife voluntarily mediated their claims and reached an agreement, entitled “Stipulations of Agreement” (“the stipulation”), which the trial court adopted and incorporated into its judgment of divorce, entered on February 7, 2012. The stipulation provides, in pertinent part:
“The parties agree that the Husband shall designate the Wife as his irrevocable spousal beneficiary for the sole purpose of obtaining health insurance benefits through the Husband’s miliary benefit as it applies to CHAMPUS/TRI-CARE and the Husband further agrees to pay the sum of $39.00 .. .per month toward the costs associated with this benefit pending approval by CHAM-PUS/TRICARE, which shall be subject to all military rules, guidelines, exemptions, limitations, and regulations with regard to the remarriage of the Wife and/or the retirement of the Husband. Further, the Husband shall execute any and all documents, registration forms, certificates, or other documents necessary to comply with the application of said benefits, and the Wife shall be responsible for making application through the [Defense Enrollment Eligibility Reporting System] and coordinating with the Husband for institution of the benefits.”
The stipulation further provides:
“Both the legal and practical effect of this agreement in each and every respect and the financial status of the parties have been fully explained to both parties by legal counsel of each party’s independent choice, and both parties acknowledge that the agreement is fair and not the result of any fraud, duress or undue influence exercised by either party upon the other or by any other person or persons upon either, and they further agree that this agreement contains the entire understanding of the parties, there being no representations, promises, warranties, covenants or undertakings other than those expressly set forth herein.”
On February 28, 2012, the wife moved the trial court, pursuant to Rule 59(e), Ala. R. Civ. P., to alter, amend, or vacate the judgment in part. The wife alleged that after, the entry of the judgment, the husband notified the provider of his military health-insurance benefits of their divorce, which caused her health care benefits to be terminated, contrary to the provisions of the stipulation. The wife claimed that “[fit was the clear intent of the parties that [there] be no interruption in the health-care coverage of the [wife] who is currently disabled and completely dependent upon her current health benefit as a spouse.” The wife alleged that the husband had not complied with the terms of the stipulation regarding health insurance for the wife. In her motion, the wife argued that the trial court “retain[ed] jurisdiction to grant relief from the judgment entered to provide that these parties are legally separated rather than divorced to allow and indeed to require that the [husband] continue military-based health services and insurance for the [wife] as contemplated by the parties and their mediator.” The husband, who is in the United States Air Force, responded to the wife’s motion, averring that he had in fact made arrangements for the wife to contact the appropriate military agency to continue her benefits, and that he had attempted to contact the wife to communicate to her that he had done so but that she, too, would have to communicate and cooperate *964 with the agency, but that the wife had failed to take the necessary steps to continue her benefits. Further, he noted that the wife had failed to provide any documentation indicating that she had been denied any benefits. The trial court held a hearing on the motion on May 17, 2012, which the parties continued by agreement to June 25, 2012. Because the husband was being deployed to Kuwait, he filed a motion for the trial court to proceed to ruling on the wife’s motion in his absence. In that motion, the husband further averred that the wife was ineligible to receive the desired military health benefits because the length of their marriage failed to meet the Department of Defense’s requirement of a 20 year marriage that overlaps with twenty years of military service during which the military spouse accumulates 20 years of “creditable service.” The husband attached as an exhibit to that motion a letter addressed to the wife from Edna Talley, a customer service representative with the United States Air Force. The letter was dated April 2, 2012, and stated that multiple attempts to contact the wife regarding her eligibility for benefits were unsuccessful and briefly explained the twenty-year requirements for qualifying to receive benefits.
The trial court held a hearing on June 25, 2012, at which the parties’ attorneys made brief statements regarding their positions on the case, but no testimony was taken and no documents were admitted into evidence. The trial court entered an order that day, altering its prior judgment; that order states, in its entirety:
“This matter came on to be heard on motion of the [wife] to ‘alter, amend, or [v]acate the Decree in part’ and this Court considering the arguments of counsel, the original Decree in this case signed on the 6th day of February, 2012 and filed for record on the 7th day of February, 2012 and the notations of the mediator attached to the Decree, finds that there is reason to alter the form of relief granted to the [wife] to accomplish the original intent of the parties hereto and therefore the prior Decree of the Court is amended hereby and shall become and the same is a Decree of Legal Separation.”
The husband timely filed this appeal.[1]
The standard of review of a post-judgment motion is well settled:
“The trial court has broad discretion in disposing of such motions, and its exercise of that discretion is presumed correct. Smith v. Smith, 656 So.2d 814 (Ala.Civ.App.1994). ‘Abuse of discretion by a trial court in granting a Rule 59(e)[, Ala. R. Civ. P.,] motion can be found only where a legal right was abused and the record plainly and palpably shows the trial court was in error.’ Lockhart v. Phenix City Investment Co., 488 So.2d 1353 (Ala.1986).”
Covington v. Covington, 675 So.2d 436, 438 (Ala.Civ.App.1996).
The husband raises one issue on appeal: whether the trial court exceeded its discretion in substituting a judgment of legal separation for the previously entered judgment of absolute divorce. The husband argues, and the record supports, that “neither of the parties requested a legal separation and in fact, both the [wife] and the [husband] requested a Decree of Divorce in their individual pleadings.... It was only after the entry of the final decree of divorce that the [wife] filed her post-judg *965 ment motion to amend and therein ask[ed] for a Legal Separation.”
This court previously addressed the legal basis for entering a judgment of legal separation in place of a judgment of absolute divorce in Lockridge v. Lockridge, 77 So.3d 148 (Ala.Civ.App.2011).
“First, the husband argues that the trial court erred in entering a judgment of legal separation instead of an absolute divorce. The husband contends that because the wife had obtained employment and health-insurance coverage by the time of the May 2010 hearing, and because he had lost his job and his ability to maintain health-insurance coverage for the wife beyond what COBRA would allow, there was no longer any justification for a legal separation rather than an absolute divorce.
“ ‘Legal separations in Alabama are governed by § 30-2-40, Ala.Code 1975. That section of the Alabama Code was adopted by the Alabama Legislature with an effective date of January 1, 1999. Pursuant to that statute, a legal separation is a “court determination of the rights and responsibilities of a husband and wife arising out of the marital relationship,” and a “legal separation does not terminate the marital status of the parties.” See § 30-2-40(b), Ala.Code 1975.’
“D.L.J. v. B.R.J., 887 So.2d 242, 246 (Ala.Civ.App.2003).
“Before January 1,1999, Alabama recognized a divorce a mensa et thoro, also known as a divorce from bed and board, which was the common-law predecessor to a legal separation. Id. See also Drummond v. Drummond, 466 So.2d 974, 976 (Ala.Civ.App.1985) (‘Divorce a mensa et thoro, a divorce from bed and board, is a legal separation allowing the marriage to continue as to everything not withdrawn by the decree.’). In D.L.J., this court considered Alabama precedent concerning a divorce a mensa et thoro in deciding, in the affirmative, whether the trial court had jurisdiction to modify judgments of legal separation under § 30-2-40. Id. at 247. However, this court rejected the argument that § 30-2-40 codified all preexisting common law that related to a divorce a mensa et thoro. Id. at 248.
“Before the enactment of § 30-2-40, which became effective on January 1, 1999, this court had held ‘that when a trial court has before it a request for a divorce from bed and board and a divorce from the bonds of matrimony, the court can exercise its discretion and determine which type of divorce is best for the parties under the facts of their case.’ Drummond, 466 So.2d at 976. Section 30-2-40(c), Ala.Code 1975, provides that ‘[i]f a party files a complaint for a decree of legal separation rather than a decree of dissolution of marriage, the court may grant the legal separation.’ (Emphasis added.) Accordingly, the enactment of § 30-2-40(c) is a codification of the common-law rule that the decision whether to grant a legal separation or an absolute divorce lies within the sound discretion of the trial court. ‘[T]his court will not reverse a part of a trial court’s judgment that is left to its discretion unless it is shown that the trial court exceeded its discretion or that the judgment is plainly or palpably wrong.’ B.R.F. v. A.V.F., 70 So.3d 412, 419 (Ala.Civ.App.2011) (citing Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997)).
“The husband argues that the trial court had no legal basis for continuing the legal separation because the wife could elect to continue health-insurance coverage through COBRA whether the *966 parties were divorced or operating under the legal separation. See, generally, 29 U.S.C. § 1162 and § 1163. It was undisputed that, under the facts as they were presented to the trial court, even if the parties remained only legally separated, the wife’s (and the husband’s) health-insurance coverage through COBRA would end 18 months after the husband’s employment with Ventura Foods was terminated.3
“At trial in May 2009, the wife unequivocally stated that the only reason she desired a legal separation was in order to maintain health insurance. At that time she was unemployed and did not have access to health insurance through an employer. At trial in May 2010, the wife did not indicate that she thought a legal separation was still necessary; she only stated that, if she was required to utilize her employer’s health-insurance coverage, she would need assistance from the husband in financing the monthly cost of her medication. The wife stated that she had enough savings so that she did not need the husband to pay the up-front cost of $2,000 a month for her medication. There was some indication during the May 2010 trial that the parties thought that it would be more economical for the husband to continue to pay health insurance for the family through COBRA rather than pay for single coverage for himself through COBRA and also pay the wife’s $400-a-month medication expense. We understand that such reasoning may have been the trial court’s justification for continuing the legal separation; however, there is no indication that this arrangement — the husband’s paying for family coverage through COBRA while that coverage was available — could not have been utilized if the parties were divorced rather than operating under a legal separation.
“Based on the evidence presented, we agree with the husband that, at the time of the May 2010 trial, there no longer existed any basis to support the legal separation and that the trial court exceeded its discretion by failing to enter a judgment dissolving the marriage of the parties. Accordingly, we reverse the judgment insofar it failed to enter an absolute judgment of divorce, and we remand the cause with instructions to the trial court to enter a judgment divorcing the parties.
“3It is possible that, if the parties divorced, the wife would be entitled to an additional 18 months of COBRA coverage. See 29 U.S.C. § 1162(2)(A)(ii) (special rule for multiple qualifying events). However, because neither party presented the trial court with this argument, we will not consider it in determining whether the trial court exceeded its discretion by failing to grant the husband an absolute divorce.”
77 So.3d at 154-56. As in Lockridge, the explicitly stated sole reason for the wife’s seeking a legal separation rather than a judgment of absolute divorce is so that she can continue receiving health-insurance coverage. However, there are significant distinctions between the cases. In Lock-ridge, this court made its decision based on the fact that, by the time that matter came to trial, whether the couple was divorced or legally separated would have no impact on the wife’s ability to maintain health-insurance coverage. Therefore, this court held that the trial court had no legal basis for not entering a judgment of absolute divorce.
Further, in Lockridge, the court was presented with a situation in which the wife had filed for a divorce in October 2008 and, in his answer, the husband had stated *967 that he did not want a divorce and, instead, asked for a legal separation. The wife then amended her complaint, also requesting a legal separation, and the trial court entered a judgment of legal separation after conducting a trial on the matter. Subsequently, the husband filed a motion to review the order of legal separation and requested an absolute divorce. After the trial court denied the husband’s motion, he appealed to this court.
In this case, neither party filed a complaint seeking a legal separation. Section 30-2-40(c), Ala.Code 1975, provides:
“If a party files a complaint for a decree of legal separation rather than a decree of dissolution of marriage, the court may grant the legal separation. The terms of a legal separation can be modified or dissolved only by written consent of both parties and ratification by the court or by court order upon proof of a material change of circumstances. A proceeding or judgment for legal separation shall not bar either party from later instituting an action for dissolution of the marriage.”
(Emphasis added.) In this case, the record does not indicate that either the husband or the wife ever filed a complaint seeking a legal separation. In fact, the only request for a legal separation came by way of a postjudgment motion, rather than a complaint, in which the wife requested the trial court to enter a judgment of legal separation for the express purpose of requiring the husband to “continue military-based health services and insurance for the [wife] as contemplated by the parties and their mediator.” Although the facts of this case otherwise satisfy the statutory conditions under which a trial court may enter a judgment of legal separation, there is no indication that either party “file[d] a complaint for a decree of legal separation rather than a decree of dissolution of marriage,” before or after the mediation, the entry of the judgment, or the filing of the wife’s motion to alter, amend, or vacate. § 30-2-40(c); see also § 30-2-40(a).
Further, the stated rationale offered by the trial court for granting a legal separation was “to accomplish the original intent of the parties hereto,” presumably as evidenced by the stipulation containing the parties’ mediated agreement. There was no trial in this matter, and the only basis in the record on which the trial court could legally have considered granting either a judgment of divorce or a judgment of legal separation was the information contained in the stipulation. In reviewing the stipulation, although the parties clearly intended to execute all documents necessary to accomplish continued military health-care coverage for the wife, there is no indication that either party entered into any part of the stipulation with the understanding that they were negotiating a legal separation rather than an absolute divorce or that the failure of any of the agreed provisions in the stipulation would result in the entry of a judgment of legal separation. In the absence of a complaint from at least one of the parties requesting a legal separation, there was no legal basis for the trial court to frustrate the intent of the parties to be divorced simply to accommodate the wife’s desire to maintain military health-care benefits. In fact, aside from the bare allegations of the wife in her motion to alter, amend, or vacate, the record indicates that the only evidence before the trial court regarding the availability of continued coverage for the wife demonstrated that the wife had not maintained or responded to communication with the Air Force. Although the trial court’s discretion is broad with respect to postjudgment matters, that discretion does not extend to rewriting the parties’ mediated agreement to craft relief that neither party properly *968 requested in a complaint and that frustrates the fundamental intent of the agreement — to enter into a divorce — in order to prevent frustrating a single provision in the agreement — to provide the wife continued military health-care coverage. Upon finding that the intent of the parties was deliberately frustrated or administratively unavailable, the trial court could have vacated its prior judgment to allow the parties to mediate a mutually agreed-upon result, set the matter for trial, or fashioned other appropriate relief. However, where neither party has filed a complaint seeking a legal separation prior to the entry of a judgment of divorce, there is no statutory basis for granting that relief. Therefore, we reverse the order of the trial court granting the parties a legal separation, and we remand this case for further proceedings consistent with this opinion.
The husband’s request for attorney fees on appeal is denied.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS, J., concurs in the result, without writing.
MOORE, J., concurs in the result, with writing.

. Following the entry of the judgment of legal separation, the wife’s counsel filed a motion to withdraw, which the trial court granted. The wife has not retained counsel during this appeal, nor has she submitted an appellee brief.