DONALDSON, Judge,
concurring specially.
I agree with treating the appeal filed by Jill Dorian DiGeronimo (“the mother”) as a petition for the writ of mandamus.
The trial judge reviewing case no. DR-12-900777 in 2015 was presented with a quagmire based on the manner in which the case had been pleaded and presented by the parties. For example, the record shows that the October 1, 2013, “Judgment of Divorce” was not prepared by the trial court but was submitted for entry jointly by the parties through counsel. Like the trial court, I do not find anything about the October 1, 2013, judgment to be clear. To add to the uncertainty, the judgment contains none of the grounds under § 30-2-l(a), Ala.Code 1975, for divorcing the parties, a nonfatal omission provided that the record contains support for a ground. Cozad v. Cozad, 372 So.2d 1322 (Ala.Civ.App.1979)(a judgment of divorce will be affirmed if the evidénce supports a ground for the divorce even if the ground is not specified in the judgment). The judgment also does not grant either party the right to remarry, although that omission is supplied by statute. § 30-2-8, Ala.Code 1975 (“[Wjhere in judgments no order is made disallowing the party the right to marry again, the party shall be deemed to have the right to remarry.”). But in addition to these omissions of information that would ordinarily be expected to be included in a divorce judgment, the judgment does not contain any language indicating an intent to dissolve the bonds of matrimony between the parties and orders the parties to live separate lives. As such, it looks much more like a decree of legal separation entered pursuant to § 30-2-40, Ala.Code 1975, than a judgment of divorce a vinculo matrimonii under § 30-2-l(a), Ala.Code 1975, something neither party requested. See Leverett v. Leverett, 123 So.3d 962, 968 (Ala.Civ.App.2013) (“[Wjhere neither party has filed a complaint seeking a legal separation prior to the entry of a judgment of divorce, there is no statutory basis for granting that relief.”). No issue is raised by the parties regarding the sufficiency of the October 1, 2013, “Judgment of Divorce” to actually divorce the parties, but this further illustrates the uncertainties presented by the pleadings and orders in the case file.
*970 I agree that, although the mother’s August 22, 2013, 'motion neither mentions Rule 60(b), Ala. R. Civ. P., nor specifically articulates any grounds in that rule to obtain the relief being sought, it should be construed as a Rule 60(b) motion. Regardless of the curious nature of the October 1, 2013, “Judgment of Divorce,” it was signed and entered and purports to change much of the May 2013 default divorce judgment. Therefore, for the October 1, 2013, judgment to have any operative effect, it must be construed as having granted the mother’s Rule 60(b) motion. Therefore, I concur that the trial court did not have jurisdiction to enter any of the orders in case no. DR-12-900777 made after James Bearden’s October 30, 2013, post-judgment motion was denied by operation of law.