Sidney H. Walker and Mobus, Inc., plaintiffs below, appeal from a final judgment entered on a jury verdict in favor of defendant, James E. Dutton, in an action for breach of contract.
Sidney Walker, James Dutton, and a third party formed a computer service corporation: Mobus, Inc. Walker alleged that pursuant to the terms of an oral agreement between him and Dutton, he advanced Dutton education and living expenses for which Dutton was to write computer programs for, organize, and manage Mobus, Inc. Walker allegedly was to be repaid for the advances to Dutton from receipts of Mobus, Inc. Allegedly, Dutton refused to perform and as a result Walker and Mobus, Inc. were unable to recover the monies advanced to Dutton.
Walker and Mobus, Inc. assert there is reversible error shown in the record on account of the trial court's refusal to give plaintiffs' requested charge regarding equitable estoppel; the jury instructions, overall, were prejudicial to plaintiffs' case; the charge regarding an affirmative defense was an incorrect statement of the law; and relevant and material evidence offered by plaintiffs was disallowed.
A careful examination of the record discloses no preservation of any alleged error regarding the actions of the trial court of which plaintiffs complain. Rule 51, ARCP, explicitly provides that no party may assign as error the giving or failing to give a written instruction or the giving of an erroneous, misleading, incomplete or otherwise improper oral charge unless he objects thereto, stating the matter to be which he objects and the grounds of his objection. No objections were made in this case.
Concerning the trial court's actions disallowing evidence offered by plaintiffs; we are not able to find that objections were made in that regard. Rule 46, ARCP, requires the party adversely affected to apprise the trial court of his objections and the grounds for such objections. C. Gamble, McElroy's Alabama Evidence, § 429.01 (3d ed. 1977). Plaintiffs made no objections to the trial court's rulings; as a consequence, no error was preserved in that regard.
There being no error in the record, the judgment below is due to be and is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 33