This is a divorce case.
Albert S. Klyce, III, plaintiff, and Linda P. Klyce, defendant, were married on August 25, 1979. The parties separated on December 29, 1981 and the husband filed a complaint for divorce the following day in the Etowah County Circuit Court. No children were born of this marriage; however, both parties have children from prior marriages.
Two days prior to the marriage the parties entered into an antenuptial agreement. This agreement, in pertinent part, provides the following:
 "(1) In the event the parties marry each other subsequent to the execution of this Agreement, all property, real, personal, or mixed, presently owned or held by either party shall be and remain the sole property of such party, and shall be and remain free of all rights of dower, curtesy, homestead, community property or other inchoate rights, forever.
 "(2) All property acquired during any marriage of the parties and held in the sole name of either party shall likewise be and remain the sole property of such party, and shall be and remain free of all rights of dower, curtesy, homestead, community property or other inchoate rights, forever.
 "(3) In the event the marriage of the parties is annulled or dissolved by divorce, neither party will claim any right, title or interest in or to any property of the other, whether real, personal or mixed, and each party does hereby expressly waive the right to claim any of the sole property of the other, in such event.
 "(4) In the event the marriage of the parties is annulled or dissolved by divorce, all property acquired during the marriage and which is not held as the sole property of either party shall be divided equally between the parties; and both parties agree that neither shall claim any right to alimony from the other, and do expressly waive their respective rights to alimony."
During their marriage the parties purchased a $75,000 house. They also bought certain household furnishings for that house and a Volkswagen Rabbit automobile. In defendant's counterclaim she asked for title *Page 1083 
to the jointly owned marital house and requested that plaintiff pay the mortgage indebtedness, insurance and taxes. In the alternative, the wife asked for an order giving her sole possession of the house until she remarries and making plaintiff pay the mortgage payments, insurance and taxes. She also asked for the household furnishings and the Volkswagen. Defendant further requested that her husband pay alimony and her attorney fees.
Testimony about the circumstances surrounding the execution of the antenuptial agreement was given at the trial. The trial court stated in the final decree that the parties voluntarily entered into the agreement with knowledge of its contents and effect, and that this agreement should be confirmed, ratified, and made a part of the decree. The court then ordered that title to the Volkswagen be transferred to the wife. Plaintiff was to make the car payments. The court also ordered that the marital house be sold as soon as practicable and that the proceeds, after the mortgage is paid, are to be divided. Defendant was allowed to live in the house until the sale but was ordered to pay the normal living expenses while she occupied the house. The husband was ordered to make the mortgage payments and maintain adequate insurance on the house. Several pieces of furniture and other household furnishings were also awarded to the wife. The court ordered the husband to pay $500 as attorney fees for the wife's attorney. The husband brings this appeal. We note that neither party questions on appeal the validity of the antenuptial agreement.
The first issue raised on appeal is whether the trial court erred by awarding to the wife attorney fees and use of the parties' home pending its sale. Plaintiff argues that the court's disposition constitutes alimony and, thus, is in contravention of the antenuptial agreement adopted by the court. The agreement provides that neither party shall claim any right to alimony from the other party. To support his argument the husband cites McEvoy v. McEvoy, 214 Ala. 112,106 So. 602 (1925), in which the Alabama Supreme Court affirmed the trial court's denial of attorney fees. The parties in McEvoy
entered into a separation agreement in which the wife agreed to make no claim for alimony. The supreme court held that under the circumstances of the case the wife had waived her rights to an award of attorney fees.
This court stated in Haynes v. Haynes, 360 So.2d 1016
(Ala.Civ.App. 1978), that:
 "Alimony is provided for the sustenance of the wife. It stems from the marriage relationship and the common-law right of the wife to support by her husband. . . . We find no precedent for calling an order for payment of the wife's attorney fees alimony, though the allowance of attorney fees to the wife is based upon the same principle as alimony. The statute providing alimony does not provide for the award of attorney fees, but the courts have held that the statutory provision for allowance of maintenance to the wife carries with it the right to award attorney fees. An attorney fee may be awarded though alimony is denied." (Citations omitted.)
In Ex parte Cox, 230 Ala. 158, 160 So. 230 (1935), the parties had an agreement in which it was stated that the agreement was the final settlement of all questions of alimony. The husband subsequently filed for a divorce and the wife filed a cross-bill for alimony and attorney fees. The trial court denied wife's claim for alimony but awarded attorney fees to the wife. Our supreme court stated that the trial court was generous since the award of such fees are generally an incident to alimony, but such award is within the court's discretion. We hold the trial court did not abuse its discretion in awarding attorney fees.
Plaintiff also argues that the trial court erred by allowing the wife to use and occupy the house pending its sale. We do not agree. The court ordered the house to be sold as soon as practicable, and set out in the decree a procedure to be followed to expedite the sale. As part of the sale procedure the court directed that the wife live in the house until it was sold. She was *Page 1084 
required to pay the normal expenses of living in the house. The husband was required, as part of the sale procedure, to make the mortgage payments and maintain adequate insurance on the house until it was sold. We consider these requirements of the court to be for the protection of the property pending its sale. Treated in this context, the trial court's order is not in error.
The next issue raised by the husband is whether the trial court abused its discretion by awarding the automobile to the wife. Plaintiff testified that in August 1980 the parties went to the car dealership to purchase a car. It was to be an anniversary present to her. He gave the dealer a personal check for the Volkswagen Rabbit. The husband testified that he told the dealer to hold the check until he could send the dealer a check from Klyce Corporation. Klyce Corporation is a closely held corporation in which plaintiff owns ninety-eight percent of the stock. He did send the dealer a corporate check, and title to the car was placed in the corporation's name. The husband also testified that during the parties' courtship and marriage the wife was furnished several automobiles, all of which were owned by or furnished to Klyce Corporation. The wife never had title to any of the automobiles she drove. The husband argues that since title to the Volkswagen is in the name of Klyce Corporation, which is not a party to this suit, the trial court had no power to award the car to the defendant.
The wife testified that plaintiff allowed her to pick out the car and that it was a gift to her. She also stated that she did not learn until a year later that her husband substituted a corporate check for his personal check and that the car's title was in the corporation's name.
The trial court stated in the decree that the automobile was presented to the wife as a gift and it ordered the husband to effect a transfer of the title to the wife and to satisfy any outstanding debts thereon. In reviewing the trial court's judgment in a divorce case, there is a presumption of correctness when the court heard the testimony and viewed the witnesses. This court will not reverse that judgment unless the trial court's determination is so unsupported by the evidence as to be a clear and palpable abuse of discretion. Jenkins v.Jenkins, 406 So.2d 976 (Ala.Civ.App. 1981). The evidence supports the trial court's decision, and we hold that it did not abuse its discretion by requiring the husband to transfer the title to the car to the wife. See Hurd v. Hurd,397 So.2d 133 (Ala.Civ.App. 1980), cert. denied, 397 So.2d 135 (Ala. 1981).
Plaintiff's final issue is whether the court erred in its division of the parties' furniture and other household furnishings. Under the terms of the agreement the plaintiff is entitled to all property owned in his sole name prior to and during the marriage and the wife is entitled to the same for property owned in her name. Jointly owned property is to be divided equally between the parties.
The husband argues that the court's division of property was inconsistent with the antenuptial agreement. At trial the husband presented into evidence a list of household furnishings with the owner's name and value designated. Plaintiff made this list from memory. A few items on the list were designated as owned by nonparties. Plaintiff claims that the trial court awarded to the wife property that belongs to him or others. He also asserts that the wife was awarded more than half of the jointly owned property.
We note from our review of the record that plaintiff stated at trial that he would like his wife to have the choice of any and all the furniture. We also note that much of the furniture owned solely by the wife prior to the marriage was later given by the husband to his children. Furthermore, a large portion of the furniture at the parties' lake house was owned solely by the wife. The wife asked that only a few pieces of this furniture be returned to her. The parties also bought several items for the lake house that the wife did not ask for. We hold that based on the evidence *Page 1085 
the trial court properly divided the property.
The wife's request for an attorney's fee on appeal is granted and she is awarded $350.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.