The wife, in an effort to collect the $4,000 in attorney's fees she was awarded under the parties' original divorce decree, requested a writ of garnishment against the husband. In response to the wife's action, the husband filed a motion entitled "Motion to Quash Garnishment," which also requested a reimbursement of funds ordered paid or, in the alternative, a set-off against attorney's fees paid. The trial court denied the husband's Motion to Quash Garnishment. The trial court's order denying the husband's Motion to Quash Garnishment appears to be also a denial of the husband's request for restitution and for a set-off. He appeals from this decision.
The record reveals that the parties were married in May 1978. Prior to their marriage, however, the parties entered into an antenuptial agreement, which reads, in pertinent part, as follows:
 "1. In the event of a divorce between the parties hereto, initiated by either party, [the wife] shall not be entitled to any alimony, support or property division or distribution of any kind or character. [The wife] shall be entitled only to that property which she personally owns and any earnings thereon, or any property given to her by [the husband], provided said gift is made by a written and properly executed instrument."
Approximately eight years later, in May 1986, the wife, seeking alimony and a property settlement, initiated divorce proceedings. The trial court subsequently rendered a divorce decree in November 1986, wherein it held that the antenuptial agreement was invalid and that the wife was thus entitled to an interest in the husband's estate in the form of periodic alimony and alimony in gross. The trial court also divided the parties' personal property and awarded the wife attorney's fees. Both parties appealed from this decision.
This court, in Woolwine v. Woolwine, 519 So.2d 1347
(Ala.Civ.App. 1987), specifically held that the trial court erred when it determined that the antenuptial agreement was void. After pretermitting all other issues raised by the parties, this court reversed and remanded the case to the trial court with instructions to enter an order consistent with its opinion. The trial court, upon remand, entered an order in April 1988, wherein it stated that each party should take pursuant to the terms and conditions of the antenuptial agreement. This order made no reference to attorney's fees or personal property.
The wife then initiated proceedings to collect the attorney's fee, which resulted in the issuance of a writ of garnishment in favor of the wife and against the husband in the amount of $4,000 and costs. The husband in turn filed his Motion to Quash Garnishment and therein requested an order requiring the wife to repay the $10,400 in post-judgment alimony he paid her while the case was pending on appeal. The husband subsequently amended the motion and requested as an alternative a set-off. The trial court, after considering the arguments and memoranda filed with regard to *Page 514 
this motion, denied the husband's Motion to Quash Garnishment.
The husband contends that the wife is not entitled to an award of attorney's fees because the original decree wherein attorney's fees were awarded was annulled in its entirety on appeal and the trial court's order rendered upon remand did not reinstate said award. This argument is based upon case law which holds that a judgment reversed on appeal is annulled in its entirety. Birmingham Electric Co. v. Alabama Public ServiceCommission, 254 Ala. 119, 47 So.2d 449 (1950); Price v.Simmons, Adm'r, 21 Ala. 337 (1852). We would note, however, that the rule of law contained in the cases proffered by the husband was qualified in Shirley v. Shirley, 361 So.2d 590, 591
(Ala.Civ.App. 1978), as follows: "The reversal of a judgment, or a part thereof, wholly annuls it, or the part of it, as if it never existed." (Emphasis added.)
This court, on the parties' prior appeal, only addressed and reversed the trial court's findings with regard to the antenuptial agreement. Consequently, only those portions of the decree which were contrary to the antenuptial agreement were affected. AGM Drug Co. of Alabama v. Dobbs, 277 Ala. 493,172 So.2d 379 (1965). Since this court did not address the trial court's power to award attorney's fees, we find that the husband is still legally obligated under the original decree to pay the wife the attorney's fees awarded therein.
The husband also asserts, in opposition to the fee awarded, that an award of attorney's fees constitutes an award of alimony and is thus contrary to the language and spirit of the antenuptial agreement. This agreement, as noted, prohibits the wife from receiving an award of alimony in the event of a divorce. The husband's assertion is based in part on law promulgated in McEvoy v. McEvoy, 214 Ala. 112, 106 So. 602
(1925), and on the theory that an award of attorney's fees should be treated like an award of alimony since both awards are founded upon the common law principle that the wife has a right to be supported and maintained by her spouse.
Similar arguments have been raised and rejected by this court in Klyce v. Klyce, 429 So.2d 1081 (Ala.Civ.App. 1983), andHaynes v. Haynes, 360 So.2d 1016 (Ala.Civ.App. 1978). Under current Alabama law, a trial court may award attorney's fees in cases where an award of alimony has been denied or prohibited. It follows then, in light of the above, that the trial court properly exercised its discretion in the original case when it awarded the wife attorney's fees.
We turn now to determine whether the trial court erred when it denied the husband's request for reimbursement. The husband contends that he is entitled to be reimbursed for the monies, i.e., $10,400, he paid the wife as post-judgment alimony pursuant to that portion of the trial court's decree which was subsequently reversed. The husband is, in essence, seeking restitution. This is an equitable remedy by which the husband could be restored to the position he occupied prior to the rendition of the erroneous portion of the divorce decree.
We recognize that restitution is not, in and of itself, an absolute and invariable right which follows every case where there is a judgment, a satisfaction, and a subsequent reversal. However, we also recognize that restitution is a favored remedy which should be granted unless inequities would result from such an action. St. Regis Paper Co. v. Kerlin, 476 So.2d 64
(Ala. 1985).
Under the facts presented here, we find that the award of attorney's fees to the wife is allowed, but subject to a set-off against restitution of the $10,400.00 alimony previously paid by the husband to the wife.
We affirm that portion of the original judgment wherein attorney's fees were awarded to the wife, but we reverse the trial court's denial of the husband's motion to quash the wife's garnishment. We also reverse the trial court's denial of the husband's request for restitution, and we reverse the trial court's denial of the husband's request for set-off. *Page 515 
This case is remanded with instructions to enter an order consistent with this opinion.
The wife's request for attorney's fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON and RUSSELL, JJ., concur.