600 So.2d 259 (1992)
Ex parte P.G.B.
(Re S.B.
v.
P.G.B.)
1901615.
Supreme Court of Alabama.
January 10, 1992.
Rehearing Denied April 10, 1992.
Jerry Knight of Hardwick, Knight & Haddock, Decatur, for appellant.
Sherryl Snodgrass Goffer, Huntsville, for appellee.
MADDOX, Justice.
This is a child custody modification case. The issue presented is whether the Court of Civil Appeals, 600 So.2d 256, erred in reversing the trial court's judgment that changed custody of the child from the mother to the father.
Under the terms of a 1988 divorce judgment, which was substantially based upon a settlement agreement between the parties, S.B., the mother, obtained custody of her child, R.P.B., then one and one-half years old. Two years later, she filed a petition to modify the divorce judgment to increase the father's child support payments. The father, P.G.B., counterclaimed, seeking custody of R.P.B. and periodic support from the mother. S.B. answered the counterclaim, alleging that the father had sexually abused R.P.B.
The trial court entered a judgment modifying the original judgment, changing custody from the mother to the father, and ordering the mother to pay periodic child support to the father. The judgment of modification reads in pertinent part as follows:
"The Court finds from the evidence that, since the entry herein of the `JUDGMENT OF DIVORCE' by this Court on to-wit: August 22, 1988, the material and significant conditions and circumstances surrounding the Plaintiff, *260 and Defendant and the minor child of the parties hereto, namely, [R.P.B.], a son whose date of birth is to-wit: February 9, 1987, have substantially changed so as to warrant a change in the child's custodial placement. The Court finds from the evidence that the Defendant is in all respects a fit, proper and suitable person in whom to be vested the legal and physical custody of the said child and that the Plaintiff is not at the present time either a fit, proper or suitable person to serve as the child's custodial parent. Specifically, the Court finds that neither the Plaintiff's home environment nor her present personal circumstances is conducive to the said child's best interests and that as a matter of fact, both the Plaintiff's home environment and her present personal circumstances are detrimental to the welfare of the minor child of the parties hereto.
"From the evidence, the Court finds that the Plaintiff's influence upon the subject child has, to a large extent, been negative and in many respects her judgment has been impaired to the child's detriment. The child has experienced behavioral and emotional problems which the Court attributes, in large measure, to the Plaintiff's negative influence and impaired judgment. Conversely, the Court finds the Defendant to be a stable and responsible person having a positive influence upon the child. Whereas, the Plaintiff's home environment and personal circumstances are detrimental to the child's best interest and welfare, the home environment of the Defendant is wholesome and stable and will nurture the child's physical needs and emotional well-being.
"The Court notes the allegations of child abuse made in the Plaintiff's response to the Counterclaim filed in this cause and in the testimony of several witnesses. Applying the pertinent presumptions and the rules of law germane to the issues of witnesses' credibility, the Court has carefully assessed the demeanor of all witnesses who testified and has further evaluated the testimony of each witness in light of the appropriate rules of law. The Court finds that neither the Defendant nor the child's paternal grandfather has sexually abused the aforesaid child and that no person, in the presence or to the knowledge of either the child's father or paternal grandfather, has sexually or otherwise abused the subject child.
". . . .
"It is the Court's finding from a consideration of all the evidence, in light of the appropriate presumptions and matters of which the Court is bound with judicial notice, that the positive benefits which will inure to the subject child, viz.: [R.P.B.], from a change in his custody will far outweigh and offset any disruption in the child's life inherent with such custody change. The Court is cognizant of the operative presumption favoring a continued custody placement in the Plaintiff but further finds from a consideration of all the evidence that the Defendant has met, discharged and exceeded his burden of proof in overcoming such presumption."
The mother appealed to the Court of Civil Appeals. That court stated the facts as follows:
"The mother, in this case, testified that she became concerned that her son had been sexually abused when she noticed redness around his anus following his return from a visit with his father. She became aware of the redness while giving the child his bath. She further testified that the minor son had told her that his paternal grandfather and father had `stuck their fingers up his butt.' The mother testified that she then took her son to the hospital emergency room so that he could be seen by a physician.
"The emergency room physician testified that the child's injury could not have come from normal child's play and that the redness was consistent with sexual abuse. He also testified that the child did not react in the way that most children react to a rectal exam. The doctor testified that he talked to the child about the alleged sexual abuse, that the child told him in graphic detail how it was *261 done, that it was uncomfortable, and that it hurt all the way up. The doctor also testified that he stressed to the child the necessity of telling the truth and that the child, in his opinion, had a good understanding of the difference between pretend and the truth.
"A psychologist testified that, in her opinion, the child had been abused. She also testified that the child's refusal to go to the bathroom was not an uncommon response in a child who had been sexually abused. In this case, the minor child had a problem with going to the bathroom and often simply refused to do so.
"The father and grandfather both denied the allegations of sexual abuse. They asserted that the mother's relationship with a man of another race was disruptive for the child. Although the mother testified that she slept with C., her boyfriend, she also testified that she had never done so while the minor child was at home."
600 So.2d at 258.
Relying heavily upon Ex parte McLendon, 455 So.2d 863 (Ala.1984), the Court of Civil Appeals reversed the trial court's judgment, stating:
"The expert testimony, the medical evidence, and the testimony of the child himself all indicate that the child has been sexually abused. In view of this evidence, we cannot find that the father established that the child's best interest will be materially promoted by the custody change."
S.B. v. P.G.B., 600 So.2d 256, 258 (1991).
The Court of Civil Appeals overruled the father's application for rehearing, and the father petitioned this Court for the issuance of a writ of certiorari to the Court of Civil Appeals, alleging that that court had:
"substituted its assessment of the evidence and findings of fact for that of the trial court on the mutually exclusive issues of whether or not the child's father had sexually abused the child or whether or not the mother had fabricated the evidence in an attempt to defraud the court by corruptly charging the father with child abuse."
We granted the writ under A.R.App.P. Rule 39(c)(4).
Where the trial court has heard ore tenus evidence in a child custody case, an appellate court presumes the court's findings to be correct and will not reverse absent a showing of clear abuse of discretion or plain error. Reuter v. Neese, 586 So.2d 232 (Ala.Civ.App.1991); J.S. v. D.S., 586 So.2d 944 (Ala.Civ.App.1991). The presumption is especially applicable where the evidence is conflicting, as it was in this case. An appellate court will not reverse the trial court's judgment unless it is based on findings so poorly supported by the evidence as to be plainly and palpably wrong. See Ex parte Walters, 580 So.2d 1352 (Ala.1991) (a child custody case), and cases cited therein.
A trial judge is in a position to observe the parties and to hear their testimony, id. at 1353, and the trial judge here, in finding that no sexual abuse had occurred, specifically held:
"The Court notes the allegations of child abuse made in the Plaintiff's response to the Counterclaim filed in this cause and in the testimony of several witnesses. Applying the pertinent presumptions and the rules of law germane to the issues of witnesses' credibility, the Court has carefully assessed the demeanor of all witnesses who testified and has further evaluated the testimony of each witness in light of the appropriate rules of law. The Court finds that neither the Defendant nor the child's paternal grandfather has sexually abused the aforesaid child and that no person, in the presence or to the knowledge of either the child's father or paternal grandfather, has sexually or otherwise abused the subject child."
In the present case, the father bore the burden of proving that the change of custody "materially promote[d] the welfare and best interest of [R.P.B.]" in a manner sufficient to more than offset the effects caused by removing from his mother. See Ex parte McLendon, 455 So.2d 863 (Ala.1984).
*262 After considering the evidence and all inferences to be drawn from it, the trial court held not only that the father had met this burden, but that he had "exceeded his burden of proof."
We have meticulously read the voluminous record and have given particular attention to those portions of the record used by the Court of Civil Appeals to overturn the findings made by the trial judge. We conclude that the Court of Civil Appeals erred; we cannot say that the trial court's findings of fact are plainly and palpably wrong or that they constitute a clear abuse of discretion or plain error.
Based upon the foregoing, we reverse the judgment of the Court of Civil Appeals and remand the cause for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
SHORES and ADAMS, JJ., dissent.