YATES, Judge.
Nola La-woana Bates and James William Maynard, Jr., were common-law husband and wife, living together from August 1985 until they separated in May 1992. In October 1993, Nola filed a complaint seeking a divorce and custody of her two minor children. She alleged that James was not the biological father of one of the children.
James’s mother and stepfather, Mary and Charles Annerton, petitioned to intervene, seeking custody of the children. They alleged that neither Nola nor James was “fit, able and proper to have the care, custody and control” of the children and that, pursuant to a court order and by agreement of the parties granting them temporary custody, the children had resided with them for more than one year. After a hearing, the trial court divorced Nola and James, awarding *1010 custody of the children to Nola; the Anner-tons appeal.
The record reveals that in November 1992 Nola and James were arrested on charges involving the forgery of a prescription. Because of their legal problems, Nola and James agreed to give the Annertons temporary custody of the two children. Nola was not indicted. James also had a burglary charge against him, and an agreement was reached whereby he pleaded guilty to the burglary charge and the forgery charge was nol-prossed. He is currently incarcerated at the Decatur work release facility.
It was undisputed that the Annertons provided well for the children, both emotionally and materially. Nola testified that the An-nertons had taken good care of the children and that the children seemed to be happy with the Annertons. She stated that the Annertons had never denied her access to the children. She further testified that the Annertons have a good relationship with the children and that they love them and want what is best for them.
The evidence showed that Nola had changed residences 14 times in the past eight years. Although she testified that she was no longer using drugs, she stated that she and James had used drugs during the time that the oldest child lived with them, and she testified, “[W]e did cocaine. We’ve [done] all kinds of stuff. Just anything that we could do.” She stated that she had a new job, earning approximately $550 per month, and that she would be renting a two-bedroom mobile home for $255 per month beginning the day after the divorce trial, so as to have a home for her children. She had arranged for someone to babysit the children for $50 per week. Clearly, Nola wanted her children to be with her, but she presented no evidence that the children’s welfare would be materially promoted by a change of custody. We note that although Nola alleged that James was not the biological father of one of the children, James was the only “father” that the child had ever known, the child had been reared as his, and no blood tests to establish paternity had ever been done.
Our Supreme Court has stated, “In divorce cases ... where evidence is presented ore tenus, a child custody determination is committed to the sound discretion of the trial court, and will not be reversed on appeal absent a finding that the determination is so poorly supported by the evidence as to be plainly and palpably wrong.” Ex parte Walters, 580 So.2d 1352, 1353 (Ala.1991). This standard recognizes the trial court’s unique position to observe the parties and to hear their testimony. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Moreover, “where the trial court does not make specific findings of fact, it will be assumed that the trial court made those findings that were necessary to supjDort its judgment, unless the findings would be clearly erroneous.” Ex parte Walters, supra, at 1354.
In a custody dispute between a parent and a nonparent, the natural parent has a prima facie right to custody. Ex parte Terry, 494 So.2d 628 (Ala.1986). However, the parental “presumption does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a nonparent.” Ex parte McLendon, 455 So.2d 863, 865 (Ala. 1984). Where these exceptions apply, “the parent will not be permitted to reclaim the custody of the child, unless she can show that a change of the custody will materially promote her child’s welfare.” Id. at 865.
Although the trial court specifically referred to McLendon in its order, there was no evidence to support the necessary finding that a change of custody would materially promote the welfare of the children. When asked if she felt that she could provide a better home than the Annertons had, Nola stated, “I’m not saying a better home. I’m just saying I would like my children to be with me because I love them.”
Because the record contains no evidence to support the judgment of the trial court, the judgment is reversed and the cause is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., concurs.
THIGPEN, J., dissents.