This is a divorce case.
After approximately eight years of marriage, Heather Rhyne-Morris sued for a divorce from Eugene Cecil Morris, alleging incompatibility. She requested, among other things, a property division, alimony, and attorney fees. The husband answered, alleging that the wife was not entitled to a division of their marital property, because of the provisions of their antenuptial agreement, and alleging that she was not entitled to alimony because, he claimed, she had committed *Page 749 
adultery. He also requested attorney fees.
Following ore tenus proceedings, the trial court divorced the parties, based on a finding of incompatibility, and ordered, in pertinent part:
 "3. The court finds from the evidence that at the time of the execution of the pre-marital agreement in Hawaii, the wife was not represented by independent counsel and therefore, under Alabama law, the pre-marital agreement is not valid.
 "4. The court finds from the evidence the marriage was rather turbulent and neither party was an ideal partner for the other. The court finds from the evidence that the wife obtained substantial property during the course of the marriage. Therefore the court awards the wife all property now in her name and alimony in gross in the sum of $15,000.00.
 "5. The court awards the wife rehabilitative alimony in the amount of $500.00 per month for twelve months, beginning November 1, 1994.
". . . .
 "7. The husband is awarded all of the right, title and interest in and to all of the real property including the marital home and the apartment complex in Gulf Shores, Alabama."
The court further awarded each party the personal property in his or her possession and ordered each party to bear his or her own legal fees.
The wife's post-judgment motion was denied, and she appeals, raising two issues: (1) whether the trial court abused its discretion in the division of property and the amount of alimony awarded, and (2) whether the trial court abused its discretion by failing to award her attorney fees. The husband cross-appeals, contending that the trial court erred by applying Alabama law and finding the antenuptial agreement invalid. The husband's issue is dispositive of this case.
When evidence in a divorce proceeding is presented to the trial court ore tenus, its judgment is presumed to be correct if it is supported by the evidence, unless it is shown to be plainly and palpably wrong. Waid v. Waid, 540 So.2d 764
(Ala.Civ.App. 1989). This presumption, however, has no application where the trial court misapplies the law to the facts. Foy v.Foy, 447 So.2d 158 (Ala. 1984).
The parties were married in 1986; at the time of the trial, the wife was 36 years old and the husband was 60 years old. The testimony was filled with allegations of alcohol and physical abuse by both parties throughout their marriage. The court heard extensive testimony regarding the investments and rental properties owned by the parties, both before and during their marriage. The record was also replete with conflicting testimony regarding the circumstances surrounding the signing of the antenuptial agreement. The wife testified that the husband took her to lunch to have several drinks before going to the lawyer's office to sign the agreement, that she was intoxicated when she signed the agreement, and that she did not have independent counsel review the document before she signed it.
The husband, on the other hand, testified that the parties discussed the antenuptial agreement before signing it and that they had mutually agreed to the lists of property and to the provisions of the agreement. He further testified that they had not been drinking; that his lawyer informed the wife that he represented only the husband; and that the wife read the agreement, made a revision, and signed it the following day, after it was revised and retyped. The antenuptial agreement provided, in part, that the "[a]greement shall be subject to the law of the State of Hawaii, the present residence of the parties."
Our Supreme Court has determined that, while parties are ordinarily permitted "to choose another state's laws to govern an agreement, where application of that other state's laws would be contrary to Alabama policy, the parties' choice of law will not be given effect and Alabama law will govern the agreement." Cherry, Bekaert Holland v. Brown, 582 So.2d 502,507 (Ala. 1991). See also De Lane v. Moore, 55 U.S. (14 How.) 253, 14 L.Ed. 409 (1852). Antenuptial agreements are valid in Alabama under certain *Page 750 
conditions. See Ex parte Walters, 580 So.2d 1352 (Ala. 1991);Barnhill v. Barnhill, 386 So.2d 749 (Ala.Civ.App.), cert. denied, 386 So.2d 752 (Ala. 1980). It is noteworthy that in considering the enforceability of an antenuptial agreement, the Supreme Court of Hawaii has acknowledged the modern, more flexible trend to look "to the state having the most significant relationship to the parties and subject matter."Lewis v. Lewis, 69 Haw. 497, 499, 748 P.2d 1362, 1365 (1988).
The trial court specifically found that the antenuptial agreement was invalid under Alabama law because "the wife was not represented by independent counsel." Although independent counsel would be preferred any time two parties enter an agreement, there is no requirement of such for an antenuptial agreement to be valid in Alabama. This is simply an incorrect statement of law. See Ex parte Walters, 580 So.2d 1352, andBarnhill, 386 So.2d 749. While the record evidence is conflicting regarding the events preceding the wife's signing the agreement, it is undisputed that, like the spouse inWalters, the wife had ample opportunity to form an opinion, and, in fact, had the agreement revised before signing it. She simply chose not to obtain independent counsel. Furthermore, at this point, we need not address whether the agreement is valid under Alabama law. We find that the trial court misconstrued Alabama law and erred in failing to consider Hawaii law in ruling on the validity of the agreement; therefore, the judgment must be reversed and the cause remanded for proper consideration.
Therefore, we pretermit a discussion regarding the property division, alimony award, or attorney fees. We reverse and remand this cause for the trial court to consider Hawaii law and to determine the validity of the antenuptial agreement after determining which state's law controls.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.