Although I agree that the trial court was correct in ordering that the parties share equally in the profits from the sale of the Whitaker property, I also believe the trial court was correct in awarding the wife the Cadillac automobile.
The husband is in the business of buying and selling real estate and automobiles. The wife sold the Pontiac automobile she owned before the marriage to a friend and former customer of husband's. The payments on the Pontiac were made to the husband. After the wife sold the car, she drove a Buick automobile owned by the husband or his company. She later drove an older model station wagon. The wife testified that the husband brought the used 1996 Cadillac automobile to the courthouse where she worked and told her that the car was hers. The husband purchased the Cadillac on October 27, 1999, for $16,500, from Country Auto Sales, L.L.C. The bill of sale lists the husband's corporation as the purchaser. There is a handwritten notation on the bill of sale indicating that Community Bank is the lienholder.
The trial court stated in its order:
 "The Court finds that the Plaintiff owned a Pontiac before the parties married. The Pontiac was financed. Plaintiff did not want to sell the Pontiac but testified she had trouble making the payments. Defendant sold Plaintiff's Pontiac at his place of business for a total purchase price (including interest) of $11,388.36. Defendant financed $10,638.36 on terms whereby the purchaser would pay his business $70.00 per week until the purchase price was paid. The Pontiac was financed and Defendant paid the funds (received from the purchaser) from his business account into Plaintiff's Redstone Federal Credit Union account and Plaintiff continued to make the monthly loan payments on the vehicle as they came due. After [the parties separated,] Plaintiff, with a credit card, paid off the indebtedness due on *Page 648 
 the Pontiac and Defendant continued to pay Plaintiff in monthly payments. There is still an outstanding amount owed to Plaintiff for said vehicle. The evidence disclosed that Defendant, at the time of trial, had paid a total of $4,540.00 (which consisted of [$4,330.00] Plaintiff gave Defendant credit for depositing in her account and $210.00 in additional payments brought out on cross examination she had missed). Defendant owes Plaintiff the sum of $6,848.36 for the remaining principal and interest he has collected or is due to be collected by him. A judgment is entered in favor of the Plaintiff and against the Defendant for [$4,330.00]. Said sum shall be paid within thirty (30) days of the entry of this judgment."
 "Plaintiff did not like driving the Buick and made it well known to the Defendant. She drove an old station wagon for a while, then Defendant brought her a 1996 Cadillac Eldorado in October, 1999. The evidence was then conflicting as to what happened next. Defendant testified he only allowed her to have possession of the car to drive and they had discussed her buying the car from him for $16,500.00 (which was the original purchase price). Plaintiff testified that Defendant bought the car for her and gave her the car as a gift. The fact is, Plaintiff's original car had been sold by Defendant. Defendant did not like her driving the old station wagon and provided her the Cadillac (which was in the name of the business) after Plaintiff would not drive the Buick (which was also in the name of his business). It is interesting to note this was several months after the separation. The prenuptial agreement states in part that it is conclusively presumed that personal property titled in only one party's name is the property of that party. The Plaintiff and Defendant actually dealt with personal property matters contrary to the antenuptial agreement. That is, he sold her automobile through his business in his business name. He now requests this Court strictly enforce the provision concerning the Cadillac because it is titled in his business. For the reasons stated above, to do so would not be equitable and finds the automobile was a gift. The Plaintiff is awarded the 1996 Eldorado Cadillac."
I find Klyce v. Klyce, 429 So.2d 1081 (Ala.Civ.App. 1983), to be persuasive. In that case, the parties had entered into a prenuptial agreement that provided that property acquired during the marriage and "`held in the sole name of either party shall likewise be and remain the sole property of such party. . . .'" Id. at 1082. The husband argued that the trial court abused its discretion in awarding the automobile to the wife. The husband gave the dealership from which the car was purchased a personal check. He then told the dealer to hold the check until he could send the dealer a check from his closely-held corporation. The husband sent the dealer the corporate check, and title to the car was placed in the corporation's name. During the marriage, the wife was furnished several automobiles, all of which the corporation owned. Although the husband originally intended the car to be a gift, he argued that because title was in his corporation's name the court had no authority to award the car to the wife. This court held that the trial court did not abuse its discretion in awarding the wife the car, despite the husband's argument that title to the car was in his corporation's name.
I would affirm the judgment of the trial court; therefore, I concur in part and dissent in part. *Page 649